UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Raybin I. Jones,                                                    Case No. 3:24-cv-01612

        Plaintiff

v.                                                                                  MEMORANDUM OPINION
                                                                                          AND ORDER
Vital & FNR North America,

        Defendant.

On September 20, 2024, Plaintiff Raybin I. Jones filed a Motion to Proceed *In Forma Pauperis*. (Doc. No. 2.) For the following reasons, Plaintiff's Motion is denied.

Pursuant to 28 U.S.C. § 1915, this Court may authorize the commencement of any lawsuit without prepayment of fees if the litigant submits an affidavit that includes a statement of all assets, income, and expenses, that demonstrates that the litigant is unable to pay the filing fee. 28 U.S.C. § 1915(a)(1). "[P]auper status does not require absolute destitution." *Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 Fed. Appx. 239, 240 (6th Cir. 2001) (citing *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc*, 865 F.2d 22, 23 (2d Cir. 1988). Rather, "the question is whether the court costs can be paid without undue hardship." *Foster*, 21 Fed. Appx. at 240. It is within the Court's discretion whether to allow a litigant to proceed *in forma pauperis* ("IFP"). *Id.*

In determining eligibility to proceed IFP, Courts look to the applicant's employment status, annual salary, and any property or assets the applicant may possess. *See Schneller v. Prospect Park Nursing & Rehab.* Ctr., 2006 WL 1030284, at *1 (E.D.Pa. Apr.18, 2006). Assets include equity in real estate and automobiles. *United States v. Valdez*, 300 F.Supp.2d 82, 84 (D.D.C.2004). In addition, federal courts "have consistently considered not only an IFP applicant's personal income, but also

his or her other financial resources, including the resources that could be made available from the applicant's spouse, or other family members." *Helland v. St. Mary's Duluth Clinic Health System*, 2010 WL 502781, at *1, n. 1 (D.Minn. Feb.5, 2010); *Reynolds v. Crawford,* 2009 WL 3908911 (S.D. Ohio Nov. 17, 2009).

In this instance, Plaintiff has not demonstrated that he cannot pay court costs without undue hardship. His IFP Application shows that he receives $ 2,400.00 from his employer and his spouse receives $ 1,650.00 in Social Security disability. Based on these figures, the total monthly income for his household is $ 4,050.00. His monthly expenses are listed as totaling $ 3,571.00. Given that the gross monthly incomes of Plaintiff and his spouse exceed their monthly expenses, it does not appear that the cost of filing is beyond Plaintiff's means. Rather, this is a case where Plaintiff must "weigh the financial constraints posed by pursuing [his] Complaint against the merits of [his] claims." *Behmlander v. Comm'r of Soc. Sec.*, 2012 WL 5457466 at * 2 (E.D. Mich. Oct. 16, 2012).

Accordingly, and in light of the above, the Court finds Plaintiff is not eligible to proceed IFP. Plaintiff is ordered to pay the filing fee of $405 within thirty (30) days of the date of this Order. Plaintiff is also notified that he will be responsible for service of process upon payment of the filing fee. Failure to comply with this Order will result in dismissal of this action without additional notice.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge