UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Raybin I. Jones,                                           Case No. 3:24-cv-1612

             Plaintiff,

v.                                                             ORDER

Vital & FHR North America, LLC,[1]

             Defendant.

Plaintiff Raybin I. Jones has filed a motion for default judgment. (Doc. No. 9). For the reasons stated below, I deny this motion.

Rule 55 provides the two-step process a plaintiff must follow to obtain a default judgment. Fed. R. Civ. P. 55. The plaintiff must first obtain an entry of default from the clerk by showing "by affidavit or otherwise" that the "party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Only after the clerk has entered default can the plaintiff obtain a default judgment under Rule 55(b). *See* 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2682 (4th ed. April 2025 update); *see also Devlin v. Kalm*, 493 F. App'x 678, 685-86 (6th Cir. 2012) ("[I]t was procedurally improper for Plaintiff to move for entry of default judgment without first obtaining an entry of default from the clerk."); *Heard v. Caruso*, 351 F. App'x 1, 15-16 (6th Cir. 2009).

---

[1] Plaintiff has filed a motion to correct Defendant's name to "Vital & FHR North America, LLC." (Doc. No. 11). I grant this motion and direct the Clerk to correct the party name.

Plaintiff did not seek an entry of default by the Clerk against Defendant prior to filing this motion. Therefore, the motion for default judgment is procedurally improper.[2]

Even if I were to consider his motion for default judgment as an application for an entry of default, default could not be entered as the motion is not supported by any evidence showing Defendant was properly served. For example, while a return of service has been filed indicating process server "served the summons on Evan Scheck (Human Resources), who is designated by law to accept service of process on behalf of Vital & FHR North America, LLC . . .," (Doc. No. 7), the Ohio Secretary of State website does not name Scheck as a statutory agent of Defendant.[3] Plaintiff also provides no evidence or legal authority to support a finding that Scheck was "designated by law to accept service of process on behalf of" Defendant, as alleged by the process server.

Because Plaintiff has not shown "by affidavit or otherwise" that Defendant was properly served, he cannot show that Defendant "failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Therefore, default cannot be entered based on the record before me.

---

[2] Plaintiff's motion for default judgment is also substantively deficient. When considering a motion for default judgment "the well-pleaded factual allegations of the complaint are accepted as true for the purpose of determining liability, [but] the Court must still determine whether those facts are sufficient to state a claim for relief with respect to plaintiff's claims … for which the plaintiff seeks default judgment." *Zinganything, LLC v. Import Store*, 158 F. Supp. 3d 668, 672 (N.D. Ohio 2016). Therefore, a plaintiff seeking default judgment must at least identify allegations in the complaint that sufficiently state a claim for relief and offer some development of legal arguments in support of default judgment. *See, e.g., Grover v. BMW of N. Am., LLC*, 581 F. Supp. 3d 930, 950 (N.D. Ohio 2022) ("[T]he Court 'is in the business of resolving the legal arguments presented to it, not in creating a party's inferred argument for him and then passing judgment on it.'") (quoting *Lyon v. Yellow Transp., Inc.*, No. 2:08-cv-464, 2009 WL 1604807, at *15 (S.D. Ohio June 8, 2009), *aff'd* 379 F. App'x 452 (6th Cir. 2010)). Because Plaintiffs fail to identify any facts in the Complaint or state any legal argument in supporting default judgment of any claim, his motion would be denied even if it was not procedurally deficient.

[3] The Ohio Secretary of State states Defendant's current agent is Christy Liu at 1201 Brim Rd., Bowling Green, Ohio 43402. No document filed with the Ohio Secretary of State lists Scheck as a current or former agent of Defendant. *See* Ohio Secretary of State Business Search, Entity # 4950428, *available at* https://businesssearch.ohiosos.gov/.

On or before July 31, 2025, Plaintiff shall submit one of the following:

1.) an updated application of default supported by a showing that Scheck was designated by Ohio or federal law to accept service of process personally on behalf of Defendant; or

2.) an updated proof of service showing Defendant has been served using a method prescribed by Ohio or federal law. *See* Fed. R. Civ. P. 4(h)(1) (incorporating Fed. R. Civ. P. (4)(e)(1)); Ohio R. Civ. P. 4.2(G) (incorporating Ohio R. Civ. P. 4.1(A)(1)).

Should Plaintiff seek service by the Clerk under Ohio Rule 4.1(A)(1), as permitted by Ohio Rule 4.2 (G), he must initiate the process provided by this Court's Local Rule 4.2 no later than June 30, 2025. That is, by this date, Plaintiff must deliver the envelope and requisite documents to the Clerk in the form and manner prescribed by Local Rule 4.2(a). I direct the Clerk to provide Plaintiff with a copy of Local Rule 4.2 with when mailing this Order to Plaintiff.

If Plaintiff fails to meet the deadlines set forth herein, this action may be dismissed.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge